No. 24-06226

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

XOUCHI JONATHAN THAO,
Special Administrator for the Estate of
KONGCHI JUSTIN THAO

                     *Plaintiff-Appellant,*

v.

GRADY COUNTY CRIMINAL JUSTICE AUTHORITY,

                     *Defendant-Appellee.*

On Appeal from the United States District Court
for the Western District of Oklahoma
No. 5:19-cv-01175-JD
Hon. Jodi W. Dishman

## APPELLANT'S RESPONSE TO APPELLEE'S PETITION FOR REHEARING *EN BANC*

| | |
|---|---|
| Glenn Katon | Jennifer J. Clark* |
| KATON LAW | Ogemdi Maduike |
| 385 Grand Ave., Ste. 200 | SIDLEY AUSTIN LLP |
| Oakland, CA 94610 | 1501 K Street, N.W. |
| (510) 463-3350 | Washington, D.C. 20005 |
| gkaton@katon.law | (202) 736-8000 |
| | jennifer.clark@sidley.com |
| J. Spencer Bryan | |
| BRYAN & TERRILL LAW, PLLC | *Counsel of Record |
| 2500 S. Broadway, Suite 122 | |
| Edmond, OK 73013 | |
| (918) 935-2777 | |
| jsbryan@bryanterrill.com | |

*Attorneys for Plaintiff-Appellant*

## **TABLE OF CONTENTS**

INTRODUCTION ........................................................................................ 1

ARGUMENT ............................................................................................... 3

CONCLUSION ............................................................................................ 8

CERTIFICATE OF COMPLIANCE ........................................................... 9

CERTIFICATE OF SERVICE ................................................................... 10

# <u>TABLE OF AUTHORITIES</u>

Page(s)

**Cases**

*Berry v. City of Muskogee,*
    900 F.2d 1489 (10th Cir. 1990) ............................................................................ 4

*Cox v. Glanz,*
    800 F.3d 1231 (10th Cir. 2015) ............................................................................ 4

*Est. of Hocker ex rel. Hocker v. Walsh,*
    22 F.3d 995 (10th Cir. 1994) ................................................................................ 4

*Lance v. Morris,*
    985 F.3d 787 (10th Cir. 2021) .............................................................................. 5

*Mitchell v. St. Louis Cnty.,*
    --- F.4th ---, 2025 WL 3483903 (8th Cir. Dec. 4, 2025) ...................................... 5

*Olsen v. Layton Hills Mall,*
    312 F.3d 1304 (10th Cir. 2002) ............................................................................ 5

*Perkins v. Kan. Dep't of Corr.,*
    165 F.3d 803 (10th Cir. 1999) .............................................................................. 6

*Stella v. Davis Cnty.,*
    2024 WL 4764694 (10th Cir. Nov. 13, 2024) ....................................................... 5

*Woodward v. Corr. Med. Servs. of Ill., Inc.,*
    368 F.3d 917 (7th Cir. 2004) ................................................................................ 5

**Rules**

10th Cir. R. 40.1 ............................................................................................. 1, 3, 5

**Other Authority**

*Practitioner's Guide to the United States Court of Appeals for*
    *the Tenth Circuit* (13th ed. 2025) ..................................................................... 1, 5

## **INTRODUCTION**

En banc review is reserved for truly "extraordinary" circumstances. 10th Cir. R. 40.1(B). This is not one of them. Appellee Grady County Criminal Justice Authority (GCCJA) has not identified any conflict between the panel's careful opinion and a decision of the Supreme Court, of this Court, or of any other court of appeals. *See* 10th Cir. R. 40.1(B); *Practitioner's Guide to the United States Court of Appeals for the Tenth Circuit* § XI(B)(2)(b)(ii) (13th ed. 2025). Nor could it. The unanimous panel faithfully applied settled law to a record rife with disputed facts.

While affirming summary judgment to GCCJA on the Estate's excessive force claim, the unanimous panel correctly reversed the district court's grant of summary judgment on the Estate's failure to provide adequate medical care claim and remanded for further proceedings. *See* Op. at 35–36. Genuine disputes of material fact preclude summary judgment on the failure to provide adequate medical care claim, and the district court is best positioned to resolve the remaining fact-intensive questions.

Instead, GCCJA asks the Court to adopt an unprecedented rule: that a civil-rights plaintiff can *never* prevail against a municipality on a

claim based on the failure to adequately train jail staff to identify suicide risks. *See* Pet. at 2. Indeed, GCCJA's position would sweep in all manner of failure to train claims, eliminating the responsibility of and incentives for municipalities to adequately train staff to protect inmates' well-being. That position finds no support in existing law and, if accepted, would create—not resolve—a conflict in this Court's jurisprudence.

GCCJA's own conduct during this appeal belies its current assertion of exceptional importance. After the Estate squarely addressed GCCJA's sweeping theory on reply (at 11–13), GCCJA did not even mention this contention at oral argument. The petition likewise fails to address or even acknowledge the Estate's response and cites no authority endorsing GCCJA's view. And as the Estate explained, *see* Reply at 12–13, 21–23, it can satisfy the governing standards on remand.

The stringent requirements for en banc review have not been met. The Court should reject GCCJA's request that it rewrite civil-rights law and adopt a position contrary to the precedent of this Court and other courts of appeals.

## ARGUMENT

"En banc review is an extraordinary procedure intended to focus the entire court on an issue of exceptional public importance or on a panel decision that conflicts with a decision of the United States Supreme Court or of this court." 10th Cir. R. 40.1(B).[1] GCCJA does not come close to meeting that demanding standard. The petition should be denied for three independent reasons.

*First*, GCCJA identifies no conflict between the panel's decision and any precedent from the Supreme Court, this Court, or any other court.

While GCCJA spends seven pages mischaracterizing the record, Pet. 3–9, its actual argument does not turn on the specifics of this case and occupies only a page and a half of its petition. *See* Pet. at 12–13. In that section, it does not cite a single Supreme Court decision. The three Tenth Circuit cases that it invokes are fully consistent with the panel's analysis.

---

[1] Tenth Circuit Rule 40.1(A) provides that "[p]anel rehearing is not routine" and "will be granted only if a significant issue has been overlooked or misconstrued by the court." GCCJA neither requests panel rehearing nor claims that the panel misunderstood GCCJA's arguments. Panel rehearing is therefore unwarranted.

3

GCCJA relies on *Cox v. Glanz*, 800 F.3d 1231, 1240 n.3 (10th Cir. 2015), only for the uncontroversial proposition that death by suicide satisfies the objective component of a deliberate-indifference claim—a proposition the panel itself recognized and applied. Pet. at 12; *see* Op. at 28, 35 (citing *Cox*). GCCJA also cites *Berry v. City of Muskogee*, 900 F.2d 1489, 1498 (10th Cir. 1990), and *Estate of Hocker ex rel. Hocker v. Walsh*, 22 F.3d 995, 1000 (10th Cir. 1994), to describe the subjective component of the test. *See* Pet. at 12. But neither decision involved failure to train claims, let alone supports GCCJA's proposed rule.

To the contrary, in *Berry*, the court held that, based on the evidence presented at trial, "'a jury reasonably could conclude that the city's conduct was the moving force in bringing about the constitutional violation.'" 900 F.2d at 1499. And although *Hocker* affirmed summary judgment for the municipality, it did so because the plaintiff failed to create a genuine dispute of material fact—not because claims based on inadequate suicide-related training are categorically unavailable, as GCCJA's petition starkly contends. *See* 22 F.3d at 999–1000.

At bottom, GCCJA is not asking the Court to resolve a conflict; it is asking the Court to create one. This Circuit has repeatedly recognized

that municipalities may, in appropriate circumstances, be held liable for failing to train jail staff to identify medical emergencies that result in constitutional violations. *See, e.g.*, *Stella v. Davis Cnty.*, 2024 WL 4764694, at *9–10 (10th Cir. Nov. 13, 2024); *Lance v. Morris*, 985 F.3d 787, 796–98, 801 (10th Cir. 2021); *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1320 (10th Cir. 2002). Other circuits have reached the same conclusion. *See, e.g.*, *Mitchell v. St. Louis Cnty.*, --- F.4th ---, 2025 WL 3483903, at *8–9 (8th Cir. Dec. 4, 2025); *Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004).

Adopting GCCJA's argument would create both intra- and inter-circuit splits and would effectively relieve municipalities of responsibility for adequately training jail staff to ensure inmates receive basic medical care to prevent serious injury and death. This Court should reject that invitation to undermine uniformity and settled civil-rights protections.

*Second*, contrary to GCCJA's contentions, the petition does not raise an issue of "exceptional public importance." 10th Cir. R. 40.1(B). As discussed above, GCCJA points to no authority showing that the panel's decision "conflicts with the authoritative decisions of other United States Courts of Appeals that have addressed the issue." *Practitioner's Guide to*

5

*the United States Court of Appeals for the Tenth Circuit* § XI(B)(2)(b)(ii). And GCCJA's own conduct during this appeal further confirms that the issue it now presses does not meet that standard.

GCCJA raised this argument in its merits brief. *See* Resp. Br. at 22–23. The Estate responded comprehensively. *See* Reply at 11–13. Yet GCCJA chose not to press the issue with the panel at oral argument. Counsel did not mention it or otherwise suggest that failure-to-train claims of this kind are categorically defective. Instead, counsel ended his argument early without raising this broad legal argument at all. *See* Oral Arg. at 13:52–24:47 (Sept. 9, 2025). An argument that GCCJA elected not to even mention in its presentation to the panel does not become one of exceptional public importance after an adverse decision.

*Third*, and in any event, it fails on the merits because the Estate can establish an underlying constitutional violation on remand. A jury may infer subjective knowledge from circumstantial evidence and from the obviousness of the risk itself. *See Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 809–10 (10th Cir. 1999); *see* Reply at 21–22. Here, the jury could conclude that the individual officers were deliberately indifferent to a substantial and obvious risk of serious harm. *See* Op. at 34–35.

As the panel recounted, officers, including Officers Henneman, Brown, and Harrison, interacted with Mr. Thao while he was in Cell 126. *Id*. at 6–9. For nearly an hour and a half, Mr. Thao repeatedly begged for help, yelled for officers to come kill him, and threatened to kill himself. *Id*. Mr. Thao's cries, as recorded on the surveillance footage, were heard through the cell door and over the intercom, including when officers were present in the hallway outside Cell 126. *Id*. In response, the officers mocked Mr. Thao and told him to "shut the fuck up." *Id*.; Cell 126 Video Part 1 at 3:07:35–3:07:56. None of them made any effort to obtain medical or mental-health assistance.

Had GCCJA adequately trained its staff to identify suicide risks, timely intervention could have saved Mr. Thao's life. Instead, he was placed in the one cell equipped with a door handle suitable for hanging and was given and left alone with a towel that he ultimately used to take his own life. Even on these facts alone, a reasonable jury could find both an underlying constitutional violation and municipal liability.

\*   \*   \*

The panel did not announce a new rule, expand municipal liability, or alter the governing framework. It applied settled law to a record that,

7

viewed in the light most favorable to the Estate, did not support the district court's grant of summary judgment. GCCJA's disagreement with that result does not present an issue warranting en banc review, and this Court should reject GCCJA's request to rewrite civil-rights protections.

## CONCLUSION

For the foregoing reasons, this Court should deny GCCJA's petition for rehearing *en banc*.

Date: December 22, 2025              Respectfully submitted,

*/s/ Jennifer J. Clark*

Jennifer J. Clark
Ogemdi Maduike
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000

Glenn Katon
KATON LAW
385 Grand Ave., Ste. 200
Oakland, CA 94610
(510) 463-3350
gkaton@katon.law

J. Spencer Bryan
BRYAN & TERRILL LAW, PLLC
2500 S. Broadway, Suite 122
Edmond, OK 73013
(918) 935-2777
jsbryan@bryanterrill.com

*Attorneys for Plaintiff-Appellant*

8

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(a)(7)(C), I hereby certify that this response complies with the type-volume limitation and contains 1,489 words—not counting the cover page, table of contents, table of authorities, certificates of counsel, signature block, and proof of service, as expressly excluded from the length limit by Federal Rule of Appellate Procedure 32(f)—according to the word count utilized by Microsoft Word 2016. I further certify this brief has been prepared using 14-point, Century Schoolbook typeface and is double-spaced (except for headings and footnotes)

Date: December 22, 2025    */s/ Jennifer J. Clark*
　　　　　　　　　　　　　　Jennifer J. Clark
　　　　　　　　　　　　　　SIDLEY AUSTIN LLP
　　　　　　　　　　　　　　1501 K Street, N.W.
　　　　　　　　　　　　　　Washington, D.C. 20005
　　　　　　　　　　　　　　(202) 736-8000

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing with the Clerk for the United States Court of Appeals for the Tenth Circuit using the CM/ECF system this 22nd day of December, 2025, and that a copy was served on all counsel of record by the CM/ECF system.

Date: December 22, 2025         */s/ Jennifer J. Clark*

                                                Jennifer J. Clark
                                                Sidley Austin LLP
                                                1501 K Street, N.W.
                                                Washington, D.C. 20005
                                                (202) 736-8000